**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| TINA PINEDEXTER | CIVIL ACTION |
| VERSUS | 16-547-SDD-EWD |
| WAL-MART STORES, INC. | |

**RULING**

This matter is before the Court on the *Motion for Summary Judgment*[1] by Defendant, Wal-Mart Louisiana, LLC. ("Wal-Mart" or "Defendant"). Plaintiff, Tina Pinedexter ("Pinedexter" or "Plaintiff"), has filed an *Opposition*[2] to this motion. Defendant thereafter filed a *Reply*.[3] For the following reasons, the Court finds that Defendant's motion should be GRANTED.

**I.  FACTUAL BACKGROUND**

On September 27, 2015, Plaintiff alleges she slipped and fell, shortly after entering the Wal-Mart store located at 5056 Airline Highway in Prairieville, LA, due to a puddle of water near the entrance closest to the pharmacy.[4] Plaintiff's petition alleges that, as a result of the fall, she sustained injury to numerous parts of her body.[5] Plaintiff also contends that there were no warning signs or wet floor signs warning her of the hazardous condition.[6]

---

[1] Rec. Doc. No. 16.
[2] Rec. Doc. No. 18.
[3] Rec. Doc. No. 19.
[4] Rec. Doc. No. 13, ¶ 4.
[5] *Id.* at ¶ 6.
[6] *Id.* at ¶ 5.
40995

The record indicates that Pinedexter filed her lawsuit against Wal-Mart, John/Jane Doe, and XYZ Insurance Co. on August 2, 2016.[7] Wal-Mart removed the case to this Court on August 18, 2016.[8] Wal-Mart alleges that it issued initial disclosures required by Fed. R. Civ. P. 26(a)(1) to Plaintiff on October 6, 2016.[9] Wal-Mart also alleges that Plaintiff failed to conduct any discovery prior to the filing of the current *Motion for Summary Judgment.*[10]

Wal-Mart has moved for summary judgment arguing that Plaintiff has failed to satisfy her burden under La. R.S. 9:2800.6 to come forward with positive evidence showing that the damage-causing condition existed for some period of time sufficient to place the Defendant on notice of its existence. Defendant claims there are no genuine issues of material fact in dispute, and Plaintiff's case should be dismissed. Plaintiff asserts that she lacks sufficient facts to justify an opposition at this time and requests this Court to either deny Defendant's *Motion* or, in the alternative, defer consideration under Fed. R. Civ. P. 56(d).

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing

---

[7] Rec. Doc. No. 1-2.
[8] Rec. Doc. No. 1.
[9] Rec. Doc. No. 7, p. 4; Rec. Doc. No. 19-1. p. 1-3.
[10] Rec. Doc. No. 19, p. 3.
[11] Fed. R. Civ. P. 56(a).
40995

the evidence."[12] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[13] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[14] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[15]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[16] All reasonable factual inferences are drawn in favor of the nonmoving party.[17] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[18] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his

---

[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[13] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[14] *Rivera v. Houston Indep. Sch. Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[15] *Willis v. Roche Biomedical Labs., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little*, 37 F.3d at 1075.
[16] *Pylant v. Hartford Life & Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[17] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[18] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).

allegations… to get to a jury without "any significant probative evidence tending to support the complaint."""[19]

### B. Procedure under Rule 56(d).

Fed. R. Civ. P. 56(d) provides a mechanism for a party opposing a motion for summary judgment who cannot present facts sufficient to justify an opposition additional time to conduct discovery. Recently, the Western District of Louisiana succinctly stated the jurisprudence on Rule 56(d) as follows:

> Rule 56(d) discovery motions are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.' *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir.2006). The nonmovant, however, 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.' *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980). Rather, a request to stay summary judgment under Rule 56(d) must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.' *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir.1998) (internal quotation marks and citations omitted). 'If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment.' *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); see also *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ('This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.')." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). Thus, to obtain a Rule 56(d) continuance in order to conduct further discovery prior to a ruling on a motion for summary judgment, the nonmovant must make essentially three showings: **(1) a description of the particular discovery the movant intends to seek; (2) an explanation showing how that discovery would preclude**

---
[19] *Nat'l Ass'n of Gov't Emps., v. City Pub. Serv. Bd.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
40995

**the entry of summary judgment; and (3) a statement justifying why this discovery had not been or could not have been obtained earlier**. Id.[20]

Plaintiff asserts that she has not had a fair opportunity to conduct discovery because: (1) Amy Hodges, a witness to the incident, did not appear for her deposition; (2) Kayla Janeaux, Wal-Mart's Asset Protection Associate, did not appear for her deposition; (3) Ann Ory, Wal-Mart assistant manager, raised issues which warrant further discovery; and (4) Ty'Ana Howard, Wal-Mart store employee, raised an issue which warranted further discovery.[21] In particular, Plaintiff asserts that both Amy Hodges and Kayla Janeaux will provide information regarding whether Wal-Mart should have had actual or constructive notice of the wet floor on the date of the incident. Plaintiff identified three other managers during the deposition of Ann Ory who arguably might offer information regarding the condition of the floors on the date of the incident. Finally, Plaintiff argues that the juice display mentioned in Ty'Ana Howard's testimony warrants further discovery as to the cause of Plaintiff's fall. In light of the foregoing, Plaintiff argues that the Court should either deny or defer consideration of Defendant's *Motion.*

Defendant asserts, and this Court agrees, that Plaintiff has failed to meet any of the three showings required under *Raby v. Livingston*[22] in order to obtain a continuance to conduct further discovery. First, instead of identifying *particular* discovery sought, Plaintiff only claims that she anticipates further discovery will produce evidence that Defendant had actual or constructive notice in general. The only particular discovery identified by Plaintiff is surveillance footage allegedly needed to determine if it was raining

---

[20] *Leger v. Offshore Staffing Servs. of Acadiana, LLC*, No. 6:11-CV-01539, 2013 WL 504922, at *1 (W.D. La. Feb. 8, 2013) (emphasis added).
[21] Rec. Doc. No. 18, p. 3-5.
[22] 600 F.3d 552, 561 (5th Cir. 2010).
40995

and the existence of the juice display. The Plaintiff's own testimony contradicts the need for this discovery.[23] Plaintiff testified that she did not recall it raining on the date of the incident, identified she slipped in water, and denied that it looked like juices.[24]

Next, Plaintiff has made no offering how the discovery sought would preclude the entry of summary judgment. While Plaintiff seeks further discovery to show Defendant had actual or constructive notice, she has failed to elaborate on how any particular evidence sought would create a genuine issue of material fact or satisfy her burden of proving that the water existed for a period of time sufficient to place Wal-Mart on notice.[25]

Finally, Plaintiff fails to explain why the discovery sought has not been, or could not have been, obtained earlier. Defendants argue that Plaintiff was provided Rule 26(a)(1) disclosures listing Ann Ory, Ty'ana Howard, Kayla Janeaux and Amy Hodges as persons with discoverable information along with the Customer Incident Report, Customer Accident Report, and Witness Statement of Amy Hodges on October 6, 2016.[26] Despite having this information, Plaintiff did not notice any depositions or request further written discovery until after Defendant filed their *Motion* on March 13, 2017.[27] Therefore, Plaintiff's request that the Court defer consideration of Defendant's *Motion* is DENIED.

---

[23] Rec. Doc. No. 16-3, p. 19, 21.
[24] *Id.*
[25] See *Kennedy v. Wal–Mart Stores, Inc.*, 98–1939 (La.4/13/99), 733 So.2d 1188 (While the plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening when he fell, he failed to present any evidence as to the length of time the puddle was on the floor before his accident and therefore failed to meet his burden of proving Wal–Mart's constructive knowledge of the condition).
[26] Rec. Doc. No. 19-1. The Court notes that the Certificate of Service of Rec. Doc. No. 19-1 is dated Dec. 5, 2016. However, Plaintiff has made no argument that Defendant did not provide initial disclosures on Oct. 6, 2016 as stated in Rec. Doc. No. 7, p. 4. Also, the Scheduling Order, Rec. Doc. No. 9, p. 1, entered on Oct. 20, 2016, stated initial disclosures had been completed.
[27] Rec. Doc. No. 18-2; Rec. Doc. No. 18-4; Rec. Doc. No. 18-8. The Court notes that the Deposition of Kayla Janeaux was scheduled for March 24, 2017 and notice thereof was sent forwarded via first class mail to all parties only a week before on March 17, 2017. While the Notice for Amy Hodges was not dated and
40995

The Court turns to the merits of the Defendant's summary judgment motion.

### C. The Louisiana Merchant Liability Statute – La. R.S. 9:2800.6[28]

Louisiana Revised Statute 9:2800.6 sets forth the burden of proof in claims against merchants, such as the Defendant, and provides the following in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

"Constructive notice," as defined in La. R.S. 9:2800.6(C)(1), means that "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute

---

unsigned, the Court assumes that it was forwarded on the same date as Kayla Juneaux's because it was scheduled for the same date, place, and time.

[28] Louisiana law on merchant liability governs Plaintiff's claims in this matter that is proceeding in this Court on the basis of diversity jurisdiction.

40995

constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care, should have known of the condition."[29]

Where the cause and time of a spill are unknown in a slip and fall case arising on a merchant's premises, "the factfinder is required to draw inferences from various factors pertaining to the spill and the merchant's actions in an effort to determine whether the [merchant's] negligence is the most plausible explanation for the accident."[30] "Since fault is not based on strict liability, a spill that is not shown to be caused by the storekeeper, but more likely was caused by another patron, does not alone create liability."[31] "The plaintiff must also prove that the defendant breached the duty of reasonable inspection and care of the premises."[32]

To prove that the defendant breached that duty, a plaintiff must make a "positive showing" that "the [damage-causing] condition existed for such a period of time" before the fall that the merchant would have discovered its existence through the exercise of ordinary care.[33] Thus, a claimant who simply shows that the condition existed, without an additional showing that the condition existed for "some time" prior to the fall, has failed to carry the burden of proving "constructive notice" as mandated by La. R.S. 9:2800.6.[34] Where a plaintiff does not present any evidence as to how long the damage-causing condition existed prior to the fall, courts have routinely found that the plaintiff has failed to

---

[29] La. R.S. 9:2800.6(C)(1).
[30] *Tanner v. Brookshire Grocery Co.*, 29,276 (La.App. 2 Cir. 4/2/97), 691 So.2d 871, 873.
[31] *Id.*
[32] *Id.*
[33] *White v. Wal–Mart Stores, Inc.*, 97–C–0393 (La.9/9/97), 699 So.2d 1081, 1084–1085.
[34] *Id.* at 1083.

40995

carry his/her burden of proof.[35] In addition, the merchant does not have to disprove its culpability by coming forward with positive evidence of the absence of a spill.[36]

In this case, Defendant contends Plaintiff's deposition testimony forecloses Plaintiff's claims because it demonstrates her inability to satisfy her burden of proof. Specifically, Plaintiff admits that she did not see the water on the floor prior to her fall,[37] did not know how the water got there,[38] and did not know how long it had been there before her fall.[39] Therefore, Defendant argues that the record is void of any evidence to satisfy Plaintiff's burden of proving the temporal element that the dangerous condition existed for such a time as to place the Defendant on notice thereof.

The Court finds that Plaintiff has failed to carry her burden of proof and failed to present a genuine issue of material fact which would preclude summary judgment. The law set forth above is clear: "Plaintiff must come forward with positive evidence showing that the condition that caused the damage existed for some period of time, and that such time was sufficient to place [Defendant] on notice of its existence."[40]

---

[35] *See, O'Brien v. Wal–Mart Stores, Inc.*, 31,032 (La.App. 2nd Cir.10/28/98), 720 So.2d 1263 (The plaintiff failed to present any evidence to establish that the oil upon which she slipped was on the floor for any length of time and therefore did not establish constructive notice on the part of the defendant/merchant); *Kennedy v. Wal–Mart Stores, Inc.*, 98–1939 (La.4/13/99), 733 So.2d 1188 (While the plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening when he fell, he failed to present any evidence as to the length of time the puddle was on the floor before his accident and therefore failed to meet his burden of proving Wal–Mart's constructive knowledge of the condition); *Babin v. Winn Dixie of Louisiana, Inc.*, 2000–0078 (La.6/30/00), 764 So.2d 37 (Where the plaintiff admitted in his deposition that he did not know how the toothpick boxes upon which he slipped arrived on the floor and that he did not know how long they had been on the floor prior to his fall, the Louisiana Supreme Court found that the plaintiff failed to produce the factual support necessary to establish that he would be able to satisfy his evidentiary burden of proof at trial and therefore found that summary judgment was appropriate).
[36] *Id.* at 1086.
[37] Rec. Doc. No. 16-3, p. 20.
[38] Red. Doc. No. 16-3, p. 21.
[39] *Id.*
[40] *Wright v. SCC Serv. Solutions, Inc.*, 07-219 (La. App. 5 Cir. 9/25/07), 968 So.2d 759, 762.
40995

Both Louisiana federal and state courts have granted summary judgment in favor of merchants in factually similar cases. The reasoning and analysis of the court in *Reeves v. TPI Restaurants, Inc.*[41] is particularly applicable to this case. In *Reeves,* the plaintiff brought suit for damages allegedly sustained after a slip and fall in a Shoney's restaurant.[42] The undisputed facts of the case showed that the plaintiff had no idea for how long the alleged slippery condition existed on the floor; could not say what the substance was, if there indeed was a foreign substance on the floor; and presented no evidence that Shoney's had actual or constructive knowledge of the alleged condition.[43] The court cited the merchant liability statute set forth above and stated that, "Section 2800.6(B) clearly places the burden of proving *all* elements under § 2800.6(B) on the plaintiff alone, and a plaintiff's failure to prove even *one* element is fatal to the entire cause of action."[44] Finding summary judgment appropriate in favor of the defendant, the court held as follows:

> The plaintiffs have brought absolutely NO evidence that Shoney's either created or had actual or constructive knowledge of any slippery condition on the floor. The plaintiffs cannot say whether there was a substance at all, what that substance was, or how long it had been in place before the accident. As *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La.1997), explains with respect to constructive notice, "The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." *Id*.
>
> Simply put, the plaintiffs have failed to present any evidence of actual or constructive notice on the part of Shoney's.[45]

---

[41] No. 05-1778, 2008 WL 680214 (W.D. La. Mar. 13, 2008).
[42] *Id.* at * 2.
[43] *Id.* at *3.
[44] *Id.* (emphasis in original).
[45] *Id.* at *4.
40995

The same statement could be said of the Plaintiff in this case in relation to the allegedly slippery condition/floor which allegedly caused her fall.

The same result was reached by the First Circuit Court of Appeal for the State of Louisiana in *Burnett v. Lucky Nails, Inc.*[46] In *Burnett*, the plaintiff slipped and fell in a nail salon after she was proceeding towards the pedicure chairs for a pedicure.[47] The trial court held a hearing on the defendant's motion for summary judgment and concluded that the evidence failed to demonstrate that there was "anything obvious" on the floor, noting that the plaintiff had testified that there was no water on the floor, only that the floor "felt slippery."[48] The trial court held that the plaintiff's failure to identify any substance on the floor or how it got there constituted a failure to carry her burden of proof.[49]

On appeal, the Louisiana First Circuit reviewed the record *de novo* and affirmed the decision of the trial court. The court of appeal agreed that the plaintiff's acknowledgement that she did not notice anything unusual about the floor and did not notice any liquid or water on the floor constituted "an absence of support for one of the essential elements of plaintiff's claim, *i.e.*, the existence of a condition on the floor that created an unreasonable risk of harm to persons on the premises."[50] The court also found lacking the plaintiff's affidavit wherein she attested that the floor "appeared to have some substance making it slippery as ice."[51] The court held that, "[t]his affidavit contains only conclusory allegations of fact rather than specific facts based on personal

---

[46] No. 2014 CA 1577, 2015 WL 3613089 (La. App. 1 Cir. June 5, 2015).
[47] *Id.*
[48] *Id.*
[49] *Id.*
[50] *Id.* at * 3.
[51] *Id.*
40995

knowledge. Affidavits with conclusory allegations of fact which are devoid of specific facts are not sufficient to defeat summary judgment."[52] The court continued:

> Plaintiff also cited to portions of her deposition that had been filed by defendants, wherein she testified about the slipperiness of the floor. In her deposition, plaintiff testified that she felt the floor as she got up after the fall and that it was "slippery" and "felt differently," "like wax." However, she acknowledged that she did not know what made the floor slippery. She speculated that the floor may have been slippery from whatever substance the employees used to clean the floor or wipe their work areas after pedicures. Other than when she placed her hand on the floor to get herself up, plaintiff did not rub the floor with her hands or feet to inspect it. Other than her own speculation, plaintiff did not offer any factual evidence to establish that excessive wax or a cleaning solution was present on the floor that day.
> Plaintiff also agreed, when questioned by her attorney, that it was possible that pedicure solution "could get on the floor" as customers took their feet in and out of the pedicure tubs or that some disinfectant spray used to clean the tubs could have gotten on the floor. However, plaintiff acknowledged that there was no water on the floor.
>
> Moreover, this testimony is mere speculation. Speculative allegations as to the presence of a substance on a floor are insufficient to defeat summary judgment. *See Trench v. Winn–Dixie Montgomery LLC*, 14–152 (La.App. 5th Cir.9/24/14), 150 So.3d 472, 476–477; *also see generally Kinchen v. J.C. Penney Company, Inc.*, 426 So.2d 681, 683–684 (La.App. 1st Cir.1982), *writ denied*, 431 So.2d 774 (La.1983) (The mere fact that a floor has a "high shine" is not sufficient to establish liability. Rather the plaintiff must prove that floor was in fact unreasonably slippery, such as from an excessive or uneven application of wax or an improper application of wax.).
>
> Finally, we note that in her appellate brief, plaintiff makes various statements that: the floors in the building at issue had an "inherent slippery nature"; ceramic tile floors "may be slippery unless non-slip measures are taken"; "[t]hese slippery floors were made more slippery by applying polymer over wax dressing"; and "the sea salt aroma therapy mixture and cuticle lotion commonly used for pedicures if left on the floor creates an unreasonable risk of harm." However, there is no evidence in the record to support any of these allegations. Argument or allegations in briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact.

---

[52] *Id.*, citing *Christakis v. Clipper Construction, L.L.C.,* 2012–1638 (La.App. 1st Cir.4/26/13), 117 So.3d 168, 170–171, *writ denied*, 2013–1913 (La.11/8/13), 125 So.3d 454.

40995

*Rapp v. City of New Orleans*, 95–1638 (La.App. 4th Cir.9/18/96), 681 So.2d 433, 437, writ denied, 96–2925 (La.1/24/97), 686 So.2d 868.[53]

In the present case, there is nothing before the Court that warrants a different result than those reached by the courts in the cases cited above. The Court has not made any credibility evaluations in reaching this decision. Indeed, the Court accepts as true all of Plaintiff's deposition testimony. Plaintiff admitted in her deposition that she did not see any water on the floor, she does not know whether the Defendant's employees caused the allegedly unsafe condition on the floor, how long the condition existed before she slipped, or whether any employee of the Defendant knew of the condition prior to her fall. Thus, Plaintiff has failed to provide any evidence demonstrating that the Defendant had actual or constructive notice of the existence of the damage-causing condition prior to her fall. Because Plaintiff is unable to produce the necessary factual support to satisfy her burden of proving actual or constructive notice on the part of the Defendant as required by La. R.S. 9:2800.6 and related jurisprudence, summary judgment in favor of the Defendant is warranted under the facts of this case.

---

[53] *Burnett,* 2015 WL 3613089 at *3 - *4.

### III. CONCLUSION

For the reasons set forth above, Defendant's *Motion for Summary Judgment*[54] is GRANTED. Plaintiff's claims are dismissed with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on October 25, 2017.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[54] Rec. Doc. No. 16.

40995